UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


R. Todd Sterling,                                    Case No.   3:17-cv-334

        Plaintiff

   v.                                             MEMORANDUM OPINION
                                                     AND ORDER
Lima Police Department, *et al.*,

        Defendants


      Plaintiff R. Todd Sterling, acting *pro se* and seeking to proceed *in forma pauperis*, initiated this action by filing a "Memorandum" complaining about proceedings in a civil case he previously filed against the Defendants in the Allen County, Ohio Court of Common Pleas. (Doc. No. 1.) The Plaintiff's Memorandum asserts no specific federal claims and seeks no specific relief. The Plaintiff simply asserts in his Memorandum that he "wishes to inform the court of the outrageous circumstances that [he] had to undergo" in the state-court case. (*Id.* at 1.) He sets forth a list of his complaints, including complaints about discovery and other rulings in the state-court case. (*See id.* at 1-2.)

      Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), federal district courts are expressly required to screen all *in forma pauperis* actions, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To survive dismissal, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standards

1

articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) govern dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). Further, federal courts are courts of limited jurisdiction and have an independent obligation to dismiss an action "[i]f the court determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

I must dismiss this action because the Plaintiff's complaint, even liberally construed, fails to allege any federal cause of action over which this Court may assert subject-matter jurisdiction. Further, "the *Rooker–Feldman* doctrine denies federal jurisdiction to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Carter v. Burns*, 524 F.3d 796, 798 (6th Cir. 2008), citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

Accordingly, the Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, but this action is dismissed pursuant to § 1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3). I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

                s/ Jeffrey J. Helmick
                United States District Judge